FAYERWEATHER v. RITCH. REYNOLDS v. SAME. (Circuit Court, S. D. New York. October 7, 1902.) See (C. C.) 118 Fed. 943. Wm. Blaikie and Roger M. Sherman, for complainants. C. J. Bovee, Jr., for defendant.

LACOMBE, Circuit Judge. The appellate court may as well determine the question of costs, as well as the other questions which appeal will bring up. The decree will be entered without awarding costs or disbursements to any one. The form of decree submitted by the complainants and cross-complainants is adopted, with modification to eliminate provision as to costs, and the following additional changes: (1) Strike out the word "interlocutory," before "decree," when describing the proceedings in Re Hamilton College. It is thought that it is in fact an interlocutory decree, but it is unnecessary to characterize it. (2) Certain defendants, who are in the same position as Lincoln University, except that they did not move to set aside process, should now have process set aside as to them. When a form of decree, with these changes, is submitted, it will be signed.

---

UNITED STATES v. SCHERING et al. (Circuit Court, S. D. New York. November 11, 1902.) No. 3,191. Appeal by the United States from a decision of the Board of General Appraisers. Charles D. Baker, Asst. U. S. Atty. Albert Comstock, for importers.

TOWNSEND, Circuit Judge. This case involves salol, imported under the act of 1897 [U. S. Comp. St. 1901, p. 1626), and assessed for duty at 55 cents per pound, under paragraph 67 thereof [U. S. Comp. St. 1901, p. 1631], which provides for "medicinal preparations containing alcohol, or in the preparation of which alcohol is used, not specially provided for in this act, fifty-five cents per pound. * * *" The importers claim that they should pay but 25 per cent. ad valorem, under the provisions of paragraph 68 of said act [U. S. Comp. St. 1901, p. 1631], for medicinal preparations not containing alcohol or in the preparation of which alcohol is not used. The decision of the board of appraisers is affirmed, on the authority of suit No. 3,141 (The United States v. Schering & Glatz, 119 Fed. 473).